■ The People of the State of New York, Respondent, v Jose M. Gonzalez, Appellant. [651 NYS2d 314] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered November 16, 1995, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

■ The People of the State of New York, Respondent, v Michael Gonzalez, Appellant. [650 NYS2d 1005] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 10, 1994, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of the effective assistance of counsel due to defense counsel's failure to adequately advise him of his right to testify before the Grand Jury pursuant to CPL 190.50. After conducting a hearing, the court determined that the defendant had received the effective assistance of counsel and that he intelligently waived his right to testify before the Grand Jury.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the hearing court, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Although the defendant testified that defense counsel did not advise him of his right to testify before the Grand Jury, the hearing court, having heard both the testimony of the defendant and that of defense counsel, was entitled to credit that of the latter. Accordingly, we will not disturb the hearing court's determination.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.